PER CURIAM.
Petitioner, Andre Bower, files a writ of mandamus to compel the trial judge to rule on his motion for rehearing from a denial of a 3.850 motion for postconviction relief. We issued a rule to show cause and a response was duly received.
On February 10, 1994, petitioner filed a motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which was summarily denied by the trial judge on March 18, 1994. Thereafter, petitioner timely filed a motion for rehearing from the denial of the post conviction relief motion but alleges he received no response. Petitioner further alleges that he filed a second motion for rehearing which has yet to be ruled upon. Through a writ of mandamus, petitioner seeks to compel the trial court to rule on his motion for rehearing so that he may timely appeal the denial of his motion for posteonviction relief if necessary.
Review of the record reveals that the trial court denied both of defendant’s motions for rehearing on April 21, 1994, and June 8, 1994, respectively. However, there is no indication from the record that a written order was ever recorded or supplied to defendant. Pursuant to Rule 3.850(g), Florida Rules of Criminal Procedure, defendant is entitled to a copy of any order denying a motion for rehearing from a denial of a 3.850 motion for post conviction relief. Therefore, we grant the writ and direct the trial court to supply defendant with a copy of the orders denying his motions for rehearing.